UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RANDALL TRUCKENBRODT,**

   Plaintiff,

v.                                                                            No. 4:24-cv-00654-P

**DALE E. BEHAN, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Randall Truckenbrodt's Motion for Summary Judgment. ECF No. 47. Having considered the Motion, relevant docket filings, and the applicable law, the Court will **GRANT** the Motion.

## BACKGROUND

This case involves three unpaid promissory notes. On June 30, 2017, Defendants Dale E. Behan, Linda Behan, and William Dale Behan (WDB)[1] executed the first promissory note (Note 1). Note 1 was signed in favor of Truckenbrodt in the amount of $1,815,000.00. Note 1 was scheduled to mature on February 28, 2018, and would accrue interest at a 10% per annum compounding monthly rate from June 30, 2017, to February 28, 2018. An option to extend for an additional four months at a 12% rate was offered to the Behans and WDB in Note 1.

On September 4, 2018, the Behans and WDB exercised the extension option and rolled the unpaid interest and principal from Note 1 into a second promissory note (Note 2). Note 2 was signed in favor or Truckenbrodt in the amount of $1,830,499.07. Note 2 was scheduled to mature on November 30, 2018, and would accrue interest at a 12% per

---

[1]On February 18, 2025, the Court entered default judgment against William Dale Behan. ECF No. 28. Thus, for purposes of this Opinion, "the Behans" refers only to Dale E. Behan and Linda Behan.

annum compounding monthly rate from March 1, 2018, to November 30, 2018. The Behans and WDB were not required to make any interest or principal payments on Note 2 until it matured on November 30, 2018. If Note 2 was not paid off by its maturation date, Note 2 would automatically extend at an annual rate of 14%. Note 2 held the Behans and WDB jointly and severally liable. Neither the Behans nor WDB made the required payments. As of July 9, 2024, one week before the filing of Truckenbrodt's Complaint, the total amount due on Note 2 was $3,798,272.70.

On January 18, 2022, the Behans, this time without WDB, executed another promissory note (Note 3). Note 3 was signed in favor of Truckenbrodt in the amount of $27,751.70. Note 3 was due to be paid off by November 30, 2022, and would accrue interest at a 12% compounding rate from January 18, 2022, to November 30, 2022. Unlike Note 1, Note 3 did not allow for any extension. Instead, Note 3 contained the following provision:

> No renewal or extension on this Note, delay in enforcing any right of the Lender under this Note, or assignment by the Lender shall affect the liability of the Borrowers. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

Like Note 2, although excluding WDB, the Behans are jointly and severally liable under Note 3. The Behans failed to make payments on Note 3, and as of July 9, 2024, the total amount due on Note 3 was $35,990.53.

On November 9, 2022, the Behans executed another promissory note (Note 4). Note 4 was signed in favor of Truckenbrodt in the amount of $333,000.00. Note 4 was due to be paid off on November 30, 2022, and would accrue interest at a 12% annual compounding rate from November 15, 2020, until the unpaid principal was paid in full on November 30, 2022. Like Note 3, the Behans are jointly and severally liable under Note 4. The Behans have failed to make payments on Note 4, and as of July 9, 2024, the total amount due on Note 4 was $454,811.77.

As of July 9, 2024, the total amount owed by the Behans is $4,289,075.00 for all three unpaid Notes (Notes 2, 3, and 4). In the event of default, all four Notes contained the following clause:

> Borrowers agree to reimburse Lender for all of Lender's costs, fees and expenses, including but not limited to all attorneys' fees, incurred by Lender associated with enforcing this Note.

Truckenbrodt is the "Lender" for all four Notes.

Additionally, the Behans and WDB, for Notes 1 and 2, and the Behans, for Notes 3 and 4, agreed that the Notes "shall be construed in accordance with the laws of the State of Illinois."

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when it might affect the outcome of a case. *Id.* Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence available in the record but need only consider those materials cited by the parties. FED. R. CIV. P. 56(c)(1)–(3). The Court need not sift through the record to find evidence in support of the nonmovant's opposition to summary judgment; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

Truckenbrodt argues that summary judgment is warranted for breach of contract on Notes 2, 3, and 4. Additionally, Truckenbrodt argues that, under Illinois law, he is entitled to prejudgment interest and attorney's fees. The Court will address each in turn.[2]

### A. Breach of Promissory Notes

Truckenbrodt moves for summary judgment for breach of Notes 2, 3, and 4. To prove a claim for breach of contract on a promissory note, a plaintiff must establish: "(1) the existence of the note in question, (2) the defendant signed the note, (3) the plaintiff is the owner and holder of the note, and (4) a certain balance is due and owing on the note." *Cadle Co. v. Regency Homes, Inc.*, 21 S.W.3d 670, 674 (Tex. App.—Austin 2000, pet. denied).

Notes 1 and 2 constitute valid and enforceable promissory notes between the Behans, WDB, and Truckenbrodt. Notes 3 and 4 constitute valid and enforceable promissory notes between the Behans and Truckenbrodt. For all four Notes, the Behans signature is affixed, and and Truckenbrodt is the owner and holder of the note. The Behans have failed to make the required payments pursuant to the terms of Notes 2, 3 and 4. As such, a balance is due on three of the Notes totaling $4,289,075.00. Truckenbrodt thus meets all four requirements to show a breach of contract on the Notes, and the Behans present no evidence or argument to demonstrate a genuine dispute of material fact.

---

[2]The Court notes the Behans wholly failed to respond to Truckenbrodt's Motion for Summary Judgment. Notwithstanding the Behans' failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). When determining whether summary judgment is appropriate, a district court may accept as undisputed and true the facts set forth in an unopposed motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted). Accordingly, this Court accepts Plaintiff's facts (which are supported by evidence) as true for the purpose of determining whether he has satisfied his summary judgment burden.

In their Amended Answer, the Behans argue that they are not liable on the Notes because "the interest charged is double the amount permitted by Texas law . . . ." ECF No. 42. The Court need not conduct a deep dive into the caselaw cited by the Behans, however, because the Notes are governed by the laws of the State of Illinois. And the Behans have provided no evidence or case law showing that Illinois law prohibits the terms of the Notes in question. Accordingly, Truckenbrodt is entitled to summary judgment on its breach of contract claim for Notes 2, 3, and 4.

## B. Prejudgment Interest and Attorney's Fees

Next, Truckenbrodt argues he is entitled to prejudgment interest and attorney's fees. Prejudgment interest rates are governed by state law in diversity cases. *Flying R Aviation LLC v. Bondio, LLC*, No. 3:22-CV-1341-B, 2023 U.S. Dist. LEXIS 129359, at *11 (N.D. Tex. July 26, 2023). A choice of law provision in a contract also governs prejudgment interest. *Id.* Given the Notes' choice of law clause, Illinois law governs whether prejudgment interest is awarded. According to Illinois law, prejudgment interest may be awarded where provided by an agreement of the parties. *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92-C-0356, 1995 U.S. Dist. LEXIS 19305, at *2 (N.D. Ill. Dec. 28, 1995 (internal citations omitted).

Based on Illinois law, and the agreement of the Parties in the Notes, Truckenbrodt is entitled to prejudgment interest for Notes 2, 3, and 4. Note 2 accrues interest at a 14% rate per annum from July 9, 2024. Notes 3 and 4 accrue interest at a 12% rate per annum from July 9, 2024.

Truckenbrodt is further entitled to attorney's fees associated with the enforcement of the Notes by litigating this lawsuit. Each Note contained a clause that the Behans would reimburse Truckenbrodt for any fees and costs incurred "with enforcing this Note." Truckenbrodt is **ORDERED** to submit a separate application for fees and costs associated with this litigation with seven (7) days following the final judgment in this case.

## CONCLUSION

Based on the above, the Court **GRANTS** Truckenbrodt's Motion. Judgment is hereby **ENTERED** in favor of Truckenbrodt on his breach of contract claim for all four Notes.

As noted above, Truckenbrodt is **ORDERED** to submit a separate application for fees and costs **within seven (7) days** following this Opinion. Additionally, and separate from the application for fees and costs, Truckenbrodt is **ORDERED** to file a proposed final judgment consistent with this Opinion providing the amounts owed by the Behans, including pre and post judgment interest, **within seven (7) days** following this Opinion.

**SO ORDERED** on this **2nd day of July 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE